IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**RONALD THOMAS**
        **Plaintiff,**

vs.                                             Case No. 3:08cv268/LC/MD

**SERGEANT REEVES, et al.,**
        **Defendants.**
_____

ORDER and
REPORT AND RECOMMENDATION

      **Plaintiff**, a prisoner proceeding *pro se*, initiated this civil rights action on June 18, 2008 by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). He has also filed a motion for leave to proceed *in forma pauperis.* (Doc. 2). For the limited purpose of dismissal of this action, leave to proceed *in forma pauperis* will be granted.

      Because plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, the undersigned concludes that this case should be dismissed as malicious.

      Plaintiff is currently incarcerated at Santa Rosa Correctional Institution ("Santa Rosa CI"). He claims his constitutional rights were violated on April 3, 2008 when he wrote Sergeant Reeves an informal grievance requesting the return of books which had been confiscated when plaintiff was admitted to the Mental Health

Unit. According to plaintiff, Sergeant Reeves "negligently" told him that he had already received his books. Plaintiff filed a formal grievance and was told that he was allowed to keep only a certain number of books (apparently indicating that plaintiff had exceeded his allotment and the books had been destroyed). (Doc. 1, pp. 8-9). Plaintiff claims Sergeant Reeves' conduct deprived him of his property without due process of law. Plaintiff seeks to hold Warden Ellis liable for the deprivation on the grounds that he is Reeves' supervisor and failed to "correct" the violation. As relief, plaintiff seeks replacment of his books, the restoration of all gaintime, and punitive damages. (Doc. 1).

On the civil rights complaint form, under Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[1] in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes." (Doc. 1, p. 7). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed one case: *Thomas v. Ellis*, Case Number 3:06cv362/LC/MD, a civil rights action filed in this court.

On the same page of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "Yes." (Doc. 1, p. 7). The complaint form then directs

---

[1] Questions (A) and (B) asked plaintiff whether he had initiated other actions in state or federal court dealing with the same or similar facts/issues involved in the present action. Where there are parenthetical areas to mark either "Yes" or "No" answers to Questions (A) and (B), plaintiff marked "No" and disclosed no cases. (Doc. 1, p. 6).

the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed the same case as above, *Thomas v. Ellis*, Case Number 3:06cv362/LC/MD. He disclosed no other cases. At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (*Id.*, p. 10). Thus, plaintiff has in effect stated that he has initiated no other lawsuits in federal court relating to the conditions of his confinement.

This court does attempt to make, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. Further, in the light of 28 U.S.C. § 1915(g)[2], the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal can be considerable.[3]

The Clerk has advised, and this Court may take judicial notice, that at the time plaintiff filed the instant lawsuit, he had initiated at least one other action in this court relating to the conditions of his confinement. On June 1, 2008 plaintiff filed a civil rights action in this Court claiming that one Officer Trampe violated his rights under the Fourteenth Amendment on March 6, 2008 when he destroyed plaintiff's property (a book) by putting it in the toilet. *See Thomas v. Trampe*, Case Number 3:08cv228/MCR/MD. The case may be positively identified as having been filed by

---

[2] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[3] "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998) (citing 28 U.S.C. § 1915(g)).

plaintiff because it bears his inmate number, DC#G05754.  Plaintiff did not disclose that case in the instant complaint.

The Court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, plaintiff falsely responded to a question on the complaint form, as detailed above.  Plaintiff knew from reading the complaint form that disclosure of all prior actions was required.[4]  If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Therefore, this court should not allow plaintiff's false response to go unpunished.  The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.

Plaintiff is warned that such false responses, filed herein or in the future, will not be ignored and may result in more severe and long-term sanctions.  *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (*pro se, in forma pauperis* prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

---

[4]The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  (Doc. 1, p. 3) (emphasis in original).

**And it is respectfully RECOMMENDED:**

1. That this cause be **DISMISSED WITHOUT PREJUDICE** as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 30th day of June, 2008.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**